CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 27, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Joanne S. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00039 |
| | ) | |
| Frank Bisignano,<br>Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff Joanne S.'s motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1).[1] (Dkt. 23.) "Although the motion for fees is filed under Plaintiff's name, her counsel, John Osborne Goss, is the real party-in-interest . . . ." (Def.'s Br. at 1 (Dkt. 25); Aff. in Supp. at 1 (Dkt. 24).) Counsel seeks an award of 25 percent, or $23,879.23, of the past-due benefits awarded to Joanne S. (Aff. in Supp. ¶¶ 5, 7; Dkt. 24-2 at 4.) Counsel claims these funds pursuant to a contingency agreement with Joanne S., (Dkt. 24-1 at 2).

The court has already awarded $9,990.00 in attorney fees to Goss under the Equal Access to Justice Act ("EAJA"), (*see* Dkt. 22; 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)

[1] Social Security Act § 206(b)(1) is codified at 42 U.S.C. § 406(b)(1).

(quoting 28 U.S.C. § 2412(d)(1)(A)). In cases against the Commissioner of Social Security, there exists another possible recovery under 42 U.S.C. § 406. When an attorney secures a "judgment favorable to a claimant" in Social Security proceedings, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C § 406(b)(1)(A). This attorney compensation will be certified "out of, and not in addition to, the amount of such past due benefits," and if it is awarded, "no other fee may be payable or certified for payment for such representation." *Id.*

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted) (cleaned up). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (cleaned up).

Accordingly, counsel moves for a fee award under 42 U.S.C § 406(b)(1)(A) and proposes "refund[ing to Joanne S.] the EAJA [award] previously paid" if the Court awards a § 406(b) fee "in excess of the EAJA award." (Aff. in. Supp. ¶ 8.) Because any § 406(b) fee award would be certified "out of, and not in addition to" the past due benefits awarded to Joanne S., "the Commissioner has no direct financial stake in the outcome of this motion." (Def.'s Br. at 1.) Thus, "[the] Defendant [Commissioner] neither supports nor opposes

counsel's request for attorney's fees in the amount of $23,879.23, under 42 U.S.C. § 406(b)." (*Id.*)

For the reasons that follow, the court will award a § 406(b) fee of $23,021.60 and require counsel to return the EAJA award granted on March 2, 2026 to Joanne S. (Dkt. 22).

## II. Standard of Review

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Rather, § 406(b) requires that a court review a contingency fee arrangement to assure (1) that the agreement does not provide for fees "exceeding 25 percent of past-due benefits" and (2) that the "attorney for the successful claimant [has shown] that the fee sought is reasonable for the services rendered." *Id.*

The *Gisbrecht* Court "did not provide a definitive list of factors to be considered" in determining reasonableness, preferring instead to entrust the determination to the judgment of the district courts. *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). In the Fourth Circuit, courts have considered several factors to determine reasonableness. These include "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *See id.* at 428. Further, a court may choose to reduce a contingent fee when "(1) the fee is out of line with the character of the representation and the results . . . achieved, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits

are large in comparison to the amount of time counsel spent on the case." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808) (internal quotations omitted).

**III. Analysis**

As required by *Gisbrecht*, the court will use the contingent fee agreement as "the starting point" for determining the reasonableness of the fees requested. *Mudd v. Barnhart*, No. CIV. 6:02-CV-00032, 2003 WL 23654009, at *1 (W.D. Va. Nov. 17, 2003), *aff'd*, 418 F.3d 424 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. 789). The agreement between Goss and Joanne S. provides that counsel "has the right to ask the court to award 25% of all combined past-due benefits awarded to [Joanne S. and her family] ('406(b) fees') for representing [her] in federal court," and that if such a fee is awarded, "counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized." (Dkt. 1-2 ¶ 3.)

Counsel's representation resulted in a finding establishing that Plaintiff is disabled and, therefore, eligible for benefits." (Aff. in Supp. ¶ 9.) Accordingly, counsel has secured a "judgment favorable to a claimant" and thus may be allowed "a reasonable fee for such representation." 42 U.S.C § 406(b)(1)(A).

A contingency fee agreement of 25% of past-due benefits is typical in this context. "Characteristically in [Social Security cases], attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled." *Gisbrecht*, 535 U.S. at 803 (citation omitted); *see also Mudd*, 2003

WL 23654009, at *2 (determining that a contingency fee agreement which entitled an attorney to "twenty-five percent (25%) of the back benefits in this case" was reasonable).

In the course of this representation, counsel posits that "Plaintiff's attorneys and paralegals logged 49.9 hours" at an "effective hourly attorney rate" of $528.70.[2] Subtracting non-compensable time, 45.8 hours were properly spent providing legal services at the federal court level—43 attorney hours and 2.3 paralegal hours.[3] *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002); *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986).

Though the court only awards fees for federal court representation under § 406(b),[4] the court may consider the time spent before the administrative agency "insofar as it [gives] the district court a better understanding of the factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court." *Mudd*, 418 F.3d at 428. In this case, Goss does not appear to have represented Joanne S. at the administrative level. (*See* Administrative Record at 15 (Dkt. 6-2) (showing communications from the Social Security Administration to Derek Scott Cervoni regarding Joanne S.'s representation); Dkt. 24-3 at 1 (logging hours beginning in April 2025 and recording activity "review[ing] decision and evidence to determine whether to appeal [the] case").) This speaks

---

[2] This effective hourly attorney rate reflects deduction of paralegal hours at a rate of $125 per hour.

[3] The time records show 49.9 hours. However, 2.5 hours were clerical in nature. *See Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D.Cal.1986) (explaining that "time spent on filing, document organization and other clerical matters that should be covered in hourly rates as normal overhead" as part of the "billing judgment that attorneys routinely exercise in billing private clients" (cleaned up)). In addition, 2.1 hours were claimed for preparation of the EAJA petition, which involves a task largely clerical in nature. *See Meade*, 218 F. Supp. 2d at 813 n.4. The court will allow 0.5 hours for preparation of the EAJA petition. *Id.*

[4] Counsel does not seek a fee for administrative work, but rather, reports his team's efforts with respect to representation at the federal court level. (Aff. in Supp. ¶¶ 6, 10); *see Gisbrecht*, 535 U.S. at 794.

to the complexity of the representation counsel provided and the lawyering skills necessary to handle it effectively. *Mudd*, 418 F.3d at 428; *see Mudd,* 2003 WL 23654009, at *2 n.1 (noting that "if the attorney did not represent the client throughout the entire course of the case, it is much less likely that a contingent fee approximating 25% of past due benefits could be deemed 'reasonable'").

However, the rates that counsel claims, $528.70 as the effective hourly attorney rate and $125 as the paralegal rate, fall within the range of reasonableness in the Fourth Circuit. *See, e.g. Julia B. v. Comm'r of Soc. Sec. Admin*., No. 7:17-CV-00508, 2025 WL 1117453, at *2 (W.D. Va. Apr. 15, 2025) (awarding § 406(b) fees in an amount equal to an hourly rate of $448.43); *Stephen F. v. O'Malley,* No. 3:22-CV-00413, 2024 WL 2059741, at *2 (S.D.W. Va. May 8, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $673.83); *Grayer v. Colvin*, No. 5:22-CV-149-RJ, 2024 WL 5110047, at *2 (E.D.N.C. Dec. 13, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $563.90); *Byas v. O'Malley*, No. CV 0:21-790-PJG, 2024 WL 4520094, at *1 (D.S.C. Sept. 12, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $880.30); *Paula K. v. Saul*, No. 5:15-CV-00084, 2019 WL 6497430, at *3 (W.D. Va. Dec. 3, 2019) (finding reasonable an hourly paralegal rate of $75); *Scott v. Clarke*, No. 3:12-CV-00036, 2020 WL 7220571, at *7 (W.D. Va. Mar. 12, 2020), *adopted by Scott v. Clarke*, No. 3:12-CV-00036, 2020 WL 2771949 (W.D. Va. May 28, 2020) (finding $125 was a reasonable rate for compensable work done by litigation staff during enforcement phase litigation).

Consequently, the court weighs the following considerations. Counsel's firm worked nearly 50 hours, supporting the complexity of the proceedings before the district court, *see Milam v. Barnhart*, 387 F. Supp. 2d 656, 659 (W.D. Va. 2005); counsel secured substantial past due benefits ($95,516.90) for Joanne S. (Aff. in Supp. ¶ 4); counsel brought substantial experience in social security cases to the matter, *cf. Milam*, 387 F. Supp. 2d at 658–59; and counsel asks for a reasonable rate, *see Connie S. v. Comm'r of Soc. Sec. Admin.*, No. 5:20-CV-00064, 2025 WL 1150722, at *2 (W.D. Va. Apr. 17, 2025) (collecting cases). However, counsel's firm did not represent Joanne S. at the administrative level, diminishing the complexity of the work in which it engaged, *see Mudd,* 2003 WL 23654009, at *2 n.1, and counsel claims some time spent engaging in clerical work and EAJA preparation, which must be discounted, *see Meade*, 218 F. Supp. 2d at 813.

Accordingly, the court will award a fee of $23,021.60, representing 43 attorney hours at a rate of $528.70 per hour and 2.3 paralegal house at a rate of $125 per hour, under § 406(b). *See Milam*, 387 F. Supp. 2d at 659 (finding a reasonable fee was less than 25% of the past due benefits but awarding an effective hourly rate of $500 per hour before the district court to an experienced social security lawyer who had successfully litigated a complex case). Because this amount is greater than the EAJA award previously made, $9,990.00 must be remitted to Joanne S. *Gisbrecht*, 535 U.S. at 796.

## IV. Conclusion

For the foregoing reasons, the court will grant in part and deny in part that Joanne S.'s motion for attorneys' fees. (Dkt. No. 20.) Joanne S is awarded twenty-three thousand twenty-

one dollars and 60/100 cents ($23,021.60) in attorneys' fees pursuant to 42 U.S.C. § 406(b), to be paid directly to John Goss, Esquire, from Joanne S.'s September 19, 2026 award of past-due disability benefits. (Notice of Award (Dkt. 24-2).) Upon receipt of the § 406(b) fees, Goss is hereby instructed to return to Joanne S. the sum of nine thousand nine hundred and ninety dollars and 0/100 cents ($9,990.00), representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

An appropriate Order will issue.

**ENTERED** this 27th day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE